## Thiele v. Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Collision between car and wagon—Turning into tracks.*

In an action against a street railway company to recover damages for personal injuries, it appeared that the plaintiff was driving in a carriage on the south-bound track of defendant's double-track railway, when a car approached him from behind; he turned into the north bound track, at the same time looking and listening for a car, but neither seeing nor hearing one. It was not practicable to turn out to the side of the south-bound track. After getting on to the north-bound track plaintiff discovered a car approaching him on the track, and it not being possible to turn to the side of the north-bound track he turned back into the south-bound track. In doing so his wheel slipped along the rail and his wagon was struck by the car on the north-bound track, and he himself was thrown under the running board of the south-bound car. There was evidence that the car on the north-bound track was running at a high rate of speed, but that it could have been stopped in time to prevent the accident. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 12, 1908. Appeal, No. 147, April T., 1908, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1906, No. 45, on verdict for plaintiff in case of Frederick Thiele v. Beaver Traction Company. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Holt, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*James L. Hogan,* with him *John M. Buchanan,* for appellant, cited: McCartney v. Union Traction Co., 27 Pa. Superior Ct. 222; Bornscheuer v. Traction Co., 198 Pa. 332; Carroll v. R. R. Co., 12 W. N. C. 348; Kunkle v. Lancaster County, 219 Pa. 52; Yingst v. Railway Co., 167 Pa. 438.

*W. A. McConnel,* for appellee, cited: Gilmore v. Railway Co., 153 Pa. 31; Kestner v. Traction Co., 158 Pa. 422; Kaechele v. Traction Co., 15 Pa. Superior Ct. 73; Davis v. Railway Co., 25 Pa. Superior Ct. 444; Thompson v. Traction Co., 180 Pa. 114; Cannon v. Traction Co., 194 Pa. 159.

OPINION BY HENDERSON, J., July 15, 1908:

It was not negligence per se for the plaintiff's companion to drive onto the north track when the approach of a car on the south track made it necessary to get out of the way. The defendant maintained a double track railway in the public highway. The part of the highway covered thereby was paved and was apparently the portion of the highway used for vehicles. The public have a right to use this paved way in common with the defendant. It is the duty, to be sure, of a driver to leave the track for the purpose of permitting a car to pass, but he is entitled to reasonable warning and time to get out of the way. The defendant's employees were bound to manage the car in such a way as not to subject to unnecessary danger those using the public highway not negligently. The degree of care called for varies with the circumstances of the particular case, and where there is a conflict of evidence in regard to the existence of circumstances which would vary the standard of care the question must necessarily be one for a jury. After a careful review of the evidence we are unable to reach the conclusion that the court should have determined as a matter of law that the plaintiff was guilty of contributory negligence. According to the testimony as introduced by the plaintiff the approach of a car from the rear compelled the driver to leave

that track. In doing so, he drove onto the north track. It was not practicable to turn out on the south side of the south track. At that time the plaintiff looked along the north track where he had a view of about 600 feet. At the same time he listened for the approach of a car and neither saw nor heard the car coming. The car on the track which the plaintiff had just left was moving slowly at the side of the vehicle in which the plaintiff was riding. When the car on the north track was discovered, the driver attempted to go from that track onto the south track in front of the car which had come up behind him. In so doing, the wheels of the carriage slipped along the rail and the left hind wheel was struck by the car approaching on the north track. The rear part of the carriage was crushed and the plaintiff thrown into the air and under the running board of the car on the south track. There was no opportunity to turn to the north and the way of escape adopted was the only one open. Steeb, the driver, estimated the distance which a car could be seen approaching on the north track as much less than that stated by the plaintiff, but it was shown that a car could be stopped in less than thirty feet, and the motorman of the car in collision testified in behalf of the defendant that he saw the carriage in which the plaintiff was riding three or four blocks away on the other track and "thought maybe they would pull over on my track because I heard the other motorman gonging them." There was testimony that the car was running rapidly. The defendant offered evidence to show that the parties in the carriage might have turned out on the south side of the tracks, where there is alleged to be a driveway from eleven to seventeen feet in width, and that instead of doing so, they remained on the south track until the car approaching on the north track was within about fifteen or twenty feet, when suddenly the driver whipped his horse and turned onto the north track in front of the approaching car, when the collision immediately occurred. The evidence of the defendant's witnesses was contradictory, however, on this point, two of them, at least, Charles Cummings and Mrs. Laughlin, having testified that the carriage was on the north track and that the accident occurred while the

driver was attempting to get out of the way of the approaching car, by driving across the south track, substantially as the plaintiff said was done. Leaving this contradiction out of account, however, there was a clear issue of fact upon which the case turned. If the plaintiff in going onto the north track neither saw nor heard the car approaching thereon, when he was on the lookout for a car, he was not guilty of negligence in so doing. If the motorman of the car with the horse and carriage in plain view and with an opportunity to avoid the collision by proper control of his car when such control might have been exercised, neglected to avoid the collision, the defendant is liable for the consequences of such neglect. The court submitted the disputed questions to the jury in a careful and impartial charge in which we do not find any reversible error. The responsibility for the determination of the facts was upon the jury, and the duty of the correction of a mistake made by it rested on the court below.

The judgment is affirmed.

MORRISON, J., dissents.